```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO.13-23013-CIV-WILLIAMS
                              MAGISTRATE JUDGE P.A. WHITE
```

PLEADRO J. SCOTT,            :

    Plaintiff,           :

v.                           :
                                                 SUPPLEMENTAL REPORT OF
MIAMI DADE DEPT. OF CORR.,       MAGISTRATE JUDGE
et al.,                      :

    Defendants.          :
_____

### I.  Introduction

The plaintiff, Pleadro J. Scott, while confined at Metro West Detention Center, filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 for damages. (DE#1). The plaintiff was granted leave to proceed in forma pauperis by separate order. (DE#6).

This civil action is before the Court for screening of the amended complaint pursuant to 28 U.S.C. §1915 (DE#29).

### II.  Analysis

A.  Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
>     \*  \*  \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>     \*  \*  \*
>
> (B) the action or appeal –

        \*   \*   \*

    (i)  is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11th Cir. 1985). The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the

plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11th Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). <u>Twombly</u> applies to §1983 prisoner actions. <u>See</u> <u>Douglas v. Yates</u>, 535 F.3d 1316, 1321 (11th Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. <u>Id.</u> This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

B. <u>Initial Complaint</u> (DE#1)

In the initial complaint (DE#1) the plaintiff named as defendants the Miami Dade Department of Corrections, along with Officers West, Brown, Jefferson, Farai, Cobra and Director Timothy

---

[1] The application of the <u>Twombly</u> standard was clarified in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).

Ryan. He alleged that in March of 2013, he filed a grievance requesting to be separated from Inmate Dean, because he was a member of a gang that was "out to get" him. He also sought to be separated from other inmates since he did not know who else was involved. He spoke to Supervisors Brown and Ferai at Turner Guilford Knight Detention Center, as well as Officers West and Jefferson at the Metro-West Detention Center, along with other unnamed officers, to have him kept away from other inmates. He further sought to have this information placed on his jail cell card. He also wrote a letter to Direct Ryan, requesting he be kept separate, and a letter to Judge Jorge Rodriguez who recommended that he be moved.

However on May 15, 2013, he was taken to Court and forced to share a holding cell with Inmate Dean. He tried to inform the officer that Dean was violent towards him, but was told there was no information on his jail card. Inmate Dean attacked him, resulting in pain in his left jaw, neck, right shoulder, and lower back. His request to go to medical was denied and he was provided with Advil. He includes grievances requesting he be separated from Inmate Dean and other inmates.

A Report was entered recommending the case proceed on a claim of endangerment against Officers West and Jefferson. (DE#7). It further recommended that Defendants Ryan, Cobra, Miami Dade Department of Corrections, Brown and Ferai be dismissed for failure to state a claim against them, pursuant to 28 U.S.C. §1915i(e)(2)(B)(ii). (Id.). The Report was adopted on January 7, 2014. (DE#8).

C. Statement of the Claims (DE#29)

In his amended complaint, plaintiff once again names Sergeant H. Jefferson, and for the first time names Lieutenant C. Weston, Corporal R. Gomez, Officer Jane Doe and Inmate Anterell Dean. (DE#29). According to plaintiff, on March 5, 2013, he filed a grievance requesting to be kept separate from Inmate Dean since he was part of a known gang that was "out to get him." (Id.). In an abundance of caution, plaintiff sought to be separated from all other inmates as well. (Id.). With respect to his concerns, plaintiff spoke with several individuals, including Lt. C. Weston, Sgt. H. Jefferson, Cpl. R. Gomez and Ofc. Jane Doe. (Id.). In response, Weston, Jefferson and Gomez assured plaintiff that the proper protocol had been implemented to separate plaintiff from all inmates at all times, including a notification on plaintiff's jail card placing all staff on notice. (Id.).

Notwithstanding the foregoing, on May 15, 2013, Ofc. Jane Doe, assigned to the Bridge Holding Cell, forced plaintiff into a holding cell with Inmate Dean because his jail card was devoid of any notification indicating he should be kept separate from all inmates. (DE#29). While in the same cell with Inmate Dean, without warning, Dean attacked plaintiff striking him in the head, face, jaw and slammed him against the wall and toilet, which continued until an unnamed officer intervened. (Id.).

Plaintiff was subsequently transported to medical, at which time he did not feel any pain. (DE#29). However, the next morning plaintiff felt severe pain to his back and jaw and some minor pain to his head, all of which continued for an extended period of time. (Id.).

Plaintiff then filed a grievance explaining that despite his request being approved to be kept separate from inmates, he was

nonetheless forced into a cell with Inmate Dean. (DE#29). In response, plaintiff was notified there was no record of any approval requiring a separation. (Id.).

Accordingly, plaintiff concludes that Weston, Jefferson and Gomez's failure to attach to plaintiff's jail card that he should be kept separate from all inmates, including Inmate Dean, led to his assault. (DE#29). Had any of the defendants taken the proper steps, the incident would never have occurred. (Id.).

As relief, plaintiff seeks monetary damages in the amount of $50,000. (DE#29). He further seeks $5,000 for pain and summering and emotional distress, legal fees and any other relief this Court deems just and proper. (DE#29).

D. Sufficiency of the Amended Complaint

   i. Endangerment/Failure to Protect

It is well settled that the failure of prison officials to control or separate prisoners who endanger the physical safety of other prisoners may, under certain conditions, constitute an Eighth Amendment deprivation; however, the constitutional rights of inmates are not violated every time one inmate is injured as a result of another's actions. Smith v. Wade, 461 U.S. 30 (1983); Redman v. County of San Diego, 896 F.2d 362, 364-66 (9th Cir. 1990) (pretrial detainee); Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986) (convicted prisoner); Stokes v. Delcambre, 710 F.2d 1120, 1124, (5th Cir. 1983); Jones v. Diamond, 636 F.2d 1364, 1374 (5th Cir. 1981); Gates v. Collier, 501 F.2d 1291, 1308-10 (5th Cir. 1974). The constitution requires officials to take all reasonable precautions to protect inmates from known dangers, see Davidson v.

6

Cannon, 474 U.S. 344 (1986); Smith v. Wade, supra; Zatler v. Wainwright, supra; Harmon v. Berry, 728 F.2d 1407 (11th Cir. 1984); Saunders v. Chatham County Board of Commissioners, 728 F.2d 1367 (11th Cir. 1984); Abrams v. Hunter, 910 F.Supp. 620 (S.D.Fla. 1995); Gangloff v. Poccia, 888 F.Supp. 1549, 1555 (S.D.Fla. 1995). The known danger may arise either because there is a risk posed by one specific inmate against another, because there is a some other more general pervasive risk of harm because violence at the institution occurs with sufficient frequency that prisoners are put in reasonable fear for their safety and the problem and need for protective measures has been made known to prison officials, see Abrams v. Hunter, supra, at 624-25.

For a prison or jail official to be constitutionally liable for failure to protect the safety of an inmate, two requirements must be met. First, the deprivation alleged must be, objectively, "sufficiently serious." Wilson v. Seiter, 501 U.S. 294, 298 (1991); Hudson v. McMillian, 503 U.S. 1 (1992). Thus, for a claim based on an alleged failure to prevent harm, an inmate must show that he is incarcerated under conditions that pose a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 834 (1994). "[T]he protection [an inmate] is afforded against other inmates" is a "condition of confinement" subject to scrutiny under the Eighth Amendment. Wilson, supra, 501 U.S. at 303. Second, the prison official who ignores a substantial risk of serious harm to an inmate must have a "sufficiently culpable state of mind," Farmer v. Brennan, supra, 511 U.S. at 834. In cases predicated on prison conditions, that state of mind is one of "deliberate indifference" to the inmate's health or safety. Wilson v. Seiter, supra, 501 U.S. at 302-03; Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Traditionally, applicable authorities have described "deliberate

indifference" as a state of mind more blameworthy than mere negligence or even gross negligence, Davidson v. Cannon, 474 U.S. 344 (1976); Estelle, supra, 429 U.S. at 104; Parker v. Williams, 862 F.2d 1471 (11th Cir. 1989), and as something more than a lack of ordinary due care for a prisoner's safety. Whitley v. Albers, 475 U.S. 312 (1986).

Thus, in order to state a claim of cruel and unusual punishment, the courts have required that a prisoner must allege a conscious or callous indifference to his rights by prison officials. Davidson v. Cannon, supra; Brown v. Hughes, 894 F.2d 1533, 1537-38 (11th Cir. 1990); Washington v. Dugger, 860 F.2d 1018, 1021 (11th Cir. 1988); Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982). Only such a degree of disregard for the prisoner's rights, which offends evolving contemporary standards of decency and is repugnant to the conscience of mankind, separates official conduct that is actionable under Section 1983 from simple negligence which is not. When the plaintiff fails to allege and show proof of such an abuse, what may be an ordinary tort does not rise to the level of a constitutional violation actionable under Section 1983. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Estelle v. Gamble, supra, 429 U.S. at 106; Byrd v. Clark, 783 F.2d 1002, 1006 (11th Cir. 1986); Hamm v. DeKalb County, 774 F.2d 1567, 1572 (11th Cir. 1985); Williams v. Bennett, supra 689 F.2d at 1380.

The Supreme Court has emphasized that Eighth Amendment liability requires a showing that the responsible official was subjectively conscious of risk to the inmate:

> We hold . . . that a prison official cannot be liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to an inmate's health or

8

>     safety; the official must both be aware of the facts from
>     which the inference could be drawn that a substantial
>     risk of harm exists, and he must also draw the inference.

Farmer v. Brennan, supra, 511 U.S. at 837; see also, LaMarca v. Turner, 995 F.2d 1535, 1536 (11th Cir. 1993).

Thus there must be an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation. See Zatler v. Wainwright, supra, 802 F.2d at 401. See also LaMarca v. Turner, supra, 995 F.2d at 1536. "Personal participation . . . is only one of several ways to establish the requisite causal connection," Zatler v. Wainwright, supra at 401, and thus, personal participation is not the sine qua non for the defendants to be found personally liable. Swint v. City of Wadley, Ala., 5 F.3d 1435, 1446 (11th Cir. 1993), opinion modified on other grounds, 11 F.3d 1030 (11th Cir. 1994). The defendant prison official must, however, ignore a substantial risk of serious harm to the inmate. Wilson v. Seiter, and Estelle v. Gamble, supra.

The allegations in the complaint are sufficient to state a claim which is cognizable under §1983 for endangerment against Sgt. H. Jefferson, Lt. C. Weston, Cpl. R. Gomez and Ofc. Jane Doe, Smith v. Wade, and Zatler v. Wainwright, supra, and the claim for endangerment should go forward as to these defendants.

   *ii. Assault and Battery by Fellow Inmate*

Next, plaintiff asserts Inmate Dean committed assault and battery upon him during his confinement at Metro West Detention Center.

Under Section 1983, liability attaches only to conduct occurring under color of State law. Conduct constituting State action under

9

the Fourteenth Amendment satisfies this requirement. <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922 935 n. 18, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). Private conduct constitutes State action only if it is "fairly attributable to the State." <u>Id.</u> at 937, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482; <u>see also</u> <u>Scott v. Hern</u>, 216 F.3d 897, 906 (10th Cir.2000). This requirement is satisfied if two conditions are met: (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible," and (2) the private party charged with the deprivation "must be a person who may fairly be said to be a state actor. This may be because he is a State official, because he has acted together with or has obtained significant aid from State officials, or because his conduct is otherwise chargeable to the State." <u>Lugar</u>, 457 U.S. at 937, 102 S.Ct. 2744, 73 L.Ed.2d 482.

Inmate Dean's alleged assault and battery upon plaintiff does not constitute private conduct "fairly attributable to the State" under the above test. Thus, Inmate Dean is not a State actor, and therefore plaintiff's claim against him does not fall under Section 1983.

### III. <u>Recommendation</u>

1. The amended complaint (DE#29) should be the operative complaint.

2. The claim of endangerment should proceed against Sgt. H. Jefferson, Lt. C. Weston, Cpl. R. Gomez and Ofc. Jane Doe.

3. The claim of assault and battery against Inmate Dean should be dismissed for failure to state a claim.

Objections to this report may be filed with the District Judge

within fourteen days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 14th day of July, 2014.

_____
UNITED STATES MAGISTRATE JUDGE


cc: Pleadro Scott, <u>Pro Se</u>
    DOC#198737
    Mayo Correctional Institution - Annex
    Inmate Mail/Parcels
    8784 US Highway 27 West
    Mayo, FL 32066