UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-23013-CIV-GAYLES/WHITE

**PLEADRO J. SCOTT,**

    Plaintiff,

v..

**MIAMI DADE DEPT. OF CORRECTIONS
et al.**,

    Defendant.
_____/

## **ORDER**

**THIS CAUSE** came before the Court on Magistrate Judge Patrick A. White's July 15, 2014, Supplemental Report ("Supplemental Report") [ECF No. 33]. On August 21, 2013, Plaintiff Pleandro J. Scott ("Scott") filed a *pro se* civil rights Complaint under 42 U.S.C. § 1983 while confined at Metro West Detention Center (the "Complaint") [ECF No. 1]. The case was referred to Magistrate Judge Patrick A. White pursuant to Administrative Order 2003-19 for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters  [ECF No. 3].

On January 7, 2014, the Court adopted Magistrate Judge White's Report recommending that the case proceed on a claim of endangerment against Officers West and Jefferson, but that the Court dismiss the claims against Defendants Ryan, Cobra, Miami Dade Department of Corrections, Brown and Ferai [ECF No. 8]. On July 8, 2014, Scott filed an Amended Complaint [ECF No. 29] alleging that in March of 2013 he filed a grievance requesting to be separated from an inmate with the name of Dean ("Dean") because Dean was "out to get" him.  Scott expressed

his concerns about Dean with several individuals, including Lieutenant C. Weston ("Weston"), Sergeant H. Jefferson ("Jefferson"), Corporal R. Gomez ("Gomez") and Officer Jane Doe ("Doe"). Weston, Gomez and Doe assured Scott that he would be separated from other inmates and that there would be a notification placed on his jail card regarding the separation. On May 15, 2013, Doe placed Scott in a holding cell with Dean because Scott's jail card did not indicate that Scott should be separated from Dean or other inmates. Dean proceeded to attack Scott, causing later injury.

On July 15, 2014, Magistrate Judge White issued the Supplemental Report recommending that 1) the amended complaint be the operative complaint; 2) the claim of endangerment proceed against Jefferson, Weston, Gomez and Doe; and 3) the claim of assault and battery against Dean be dismissed for failure to state a claim because his conduct could not be "fairly attributable to the State." On August 21, 2014, Scott filed objections to the Supplemental Report. Scott agreed with the dismissal of the claim against Dean, but noted that he is seeking $50,000 in punitive and monetary damages and that he is suing the Defendants in their individual or personal capacity.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). The undersigned has reviewed the Supplemental Report, the record, and the applicable law and finds that no clear error appears on the face of the record. In the light of that review, the undersigned agrees with Judge White's recommendations. Accordingly, it is

**ORDERED AND ADJUDGED** that the Supplemental Report **[ECF No. 33]** is **AFFIRMED AND ADOPTED** as follows:

1. The Amended Complaint [ECF No. 29] is the operative complaint**;**

2. The claim of endangerment shall proceed against Defendants Jefferson, Weston, Gomez and Doe; and

3. The claim of assault and battery against Dean shall be dismissed for failure to state a claim.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of August, 2014.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge White
Errol Lewis, *pro se*