UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-23013-CIV-GAYLES/WHITE

**PLEADRO J. SCOTT,**

      Plaintiff,

v..

**MIAMI DADE DEPT. OF CORRECTIONS
et al.**,

      Defendant.
_____/

## **ORDER**

**THIS CAUSE** came before the Court on Defendants Lieutenant C. Weston and Corporal Gomez's Motion to Dismiss (the "Motion") [ECF 48]; the Report of Magistrate Judge Re: Motion to Dismiss (the "Motion Report") [EFC 66]; and the Second Supplemental Report of Magistrate Judge (The "Second Supplemental Report") [ECF 68]. For the reasons stated below, the Court denies the Motion without prejudice, adopts the Motion Report, and adopts the Second Supplemental Report in part.

On August 21, 2013, Plaintiff Pleandro J. Scott ("Scott") filed a *pro se* civil rights Complaint under 42 U.S.C. § 1983 while confined at Metro West Detention Center (the "Complaint") [ECF No. 1]. The case was referred to Magistrate Judge Patrick A. White pursuant to Administrative Order 2003-19 for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters [ECF No. 3]. On January 7, 2014, the Court adopted Magistrate Judge White's Report recommending that the case proceed on a claim of endangerment against Lieutenant West ("West") and Sergeant H. Jefferson ("Jefferson"), but

that the Court dismiss the claims against Defendants Director Timothy P. Ryan, Officer Elizabeth Cobra, Miami Dade Department of Corrections ("MDOC"), Lieutenant Brown and Sergeant Farai [ECF No. 8].

On July 8, 2014, Scott filed an Amended Complaint [ECF No. 29] alleging that in March of 2013, he filed a grievance requesting to be separated from an inmate with the name of Dean because Dean was "out to get" him.  Scott expressed his concerns about Dean with several individuals, including Lieutenant C. Weston ("Weston"), Jefferson, Corporal R. Gomez ("Gomez") and Officer Jane Doe ("Doe") (the "Corrections Officers"). Scott alleges that the Corrections Officers assured him that he would be separated from other inmates and that there would be a notification placed on his jail card regarding the separation.  On May 15, 2013, Doe placed Scott in a bridge holding cell with Dean because Scott's jail card did not indicate that Scott should be separated from Dean or other inmates.  Dean attacked Scott, causing injury.

On July 15, 2014, Magistrate Judge White issued a Supplemental Report recommending that 1) the Amended Complaint be the operative complaint; 2) the claim of endangerment proceed against the Corrections Officers; and 3) the claim of assault and battery against Dean be dismissed for failure to state a claim because his conduct could not be "fairly attributable to the State."  On August 26, 2014, the Court adopted the Supplemental Report. Defendants Weston and Gomez then moved to dismiss the Amended Complaint [ECF 48].  Before the Court ruled on the Motion, Plaintiff moved for, and was granted, leave to amend his complaint.  Accordingly, the operative complaint is Plaintiff's Second Amended Complaint [ECF 65].

In his Second Amended Complaint, Plaintiff again alleges that the Corrections Officers failed to protect Plaintiff from Dean (the "Endangerment Claim").  In addition, Plaintiff asserts MDOC failed to implement adequate policies regarding the placement of inmates in bridge

holding cells.  Plaintiff also, without detail, attempts to invoke the Court's supplemental jurisdiction.

Magistrate Judge White issued a report on the Motion to Dismiss, recommending that it be denied without prejudice due to the Second Amended Complaint.  Magistrate Judge White then screened the Second Amended Complaint pursuant to 28 U.S.C. §1915.  In his Second Supplemental Report, Magistrate Judge White recommends that the endangerment/failure to protect claims proceed against the Corrections Officers, but that the Court dismiss the claim against MDOC and the supplemental jurisdiction claims.  Plaintiff objects to the recommended dismissals. [ECF 80; 81].

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*.  FED. R. CIV. P. 72(b)(3).  The undersigned has conducted a *de novo* review of Magistrate Judge White's Reports, the record, and the applicable law.

The Court agrees with Magistrate Judge White's recommendation that Plaintiff's claims proceed against the Corrections Officers and that the Court dismiss the supplemental jurisdiction claim.  However, the Court disagrees with the recommendation that the Court dismiss Plaintiff's claim against MDOC.  Under 42 U.S.C. §1983, local governments may only be held liable if an official policy or custom caused the deprivation of the plaintiff's constitutional rights.  *Cooper v. Dillon*, 403 F.3d 1208, 1221 (11th Cir. 2005).  Plaintiff does not allege that an official policy caused his injuries.  Rather, Plaintiff points to the absence of an official policy regarding placing certain inmates together in the bridge holding cell.  Under §1983, "liability may be imposed due to the existence of an improper policy or the absence of a policy." *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991) (evidence at trial established that a "lack of well-established policies and procedures" resulted in the deprivation of the Rivas' rights).  Plaintiff has sufficiently

alleged that MDOC lacked policies or procedures to protect inmates in the bridge holding cells. The Court notes, however, that there is no *respondeat superior* liability for a local government's policies or lack of policies. *See Krueger v. Bell*, No. 8-04CV 142T-MAP, 2005 WL 2877467 at *4 (M.D. Fla. Nov. 2, 2005). Rather, there must be a connection between the plaintiff's injuries and the municipality's "inadequate decision." *Id.* (*quoting Bd. of Comm'r of Bryan County, Oklahoma v. Brown*, 520 U.S. 397 (1997)). *See also City of Canton v. Harris*, 489 U.S. 378, 394-95 (1989)(holding that a plaintiff must show that "the 'policy of inaction' is the functional equivalent of a decision by the city itself to violate the constitution"). To prove his claim, Plaintiff will need to establish a link between MDOC's insufficient policies and his injury, including whether MDOC knew of prior instances of altercations between inmates in the bridge holding cells. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report of Magistrate Judge Re: Motion to Dismiss [EFC 66] is **ADOPTED.** Defendants Weston and Gomez's Motion to Dismiss [ECF 48] is **DENIED** without prejudice. It is further

**ORDERED AND ADJUDGED** that the Second Supplemental Report of the Magistrate Judge [ECF 68] is **ADOPTED** in part as follows:

1. The Second Amended Complaint [ECF 65] is the operative complaint;
2. The claim of endangerment shall proceed against Defendants Jefferson, Weston, Gomez and Doe;
3. Plaintiff's claims for pendant and/or supplemental jurisdiction shall be dismissed without prejudice. It is further

**ORDERED AND ADJUDGED** that the Second Supplemental Report is **NOT ADOPTED** as follows:

1. Plaintiff's claim under 42 U.S.C. § 1983 against the Miami-Dade Department of Corrections shall proceed.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of April, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE