UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-CIV-23013-GAYLES
MAGISTRATE JUDGE P.A. WHITE

PLEADRO SCOTT,                         :

                Plaintiff,             :        REPORT OF MAGISTRATE
                                                JUDGE (Re: DE#206)
v.                                     :

MIAMI DADE DEPARTMENT OF CORR.,:

                Defendants.            :
_____

### Introduction

The plaintiff Pleadro Scott, currently housed at Wakulla Correctional Institution, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983.  This cause is presently before the Court upon Defendants' Motion to Dismiss Defendant Jane Doe (DE#206), filed May 1, 2017.  To date, Plaintiff has failed to file any response.

### Pertinent Background

Plaintiff was a detainee at various facilities operated by Miami-Dade County Department of Corrections and Rehabilitation pending the conclusion of his criminal case for sexual battery with the use or threat of a weapon or physical force and numerous other offenses. In January of 2013, he was transferred to Miami-Dade County's Metro West Detention Center and assigned to that facility's Special Management Unit, where he was housed in a single-man cell. See DE#65 at ¶ 5.

On May 15, 2013, Plaintiff was transported from the Metro West Detention Center to the "Bridge Holding Cells" at the criminal courthouse for a court appearance. Id. at ¶ 15. Plaintiff alleges that he was placed by an unknown correctional guard, Defendant Jane

1

Doe, in a holding cell with another inmate, Anterell Dean, because there was not a notation on Plaintiff's jail card to be kept separate from all inmates. <u>See</u> <u>Id.</u> After being placed inside the holding cell, Plaintiff claims that Mr. Dean struck him. <u>Id.</u> at ¶ 16.

Plaintiff filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against several individual officers from the Metro West Detention Center, the unknown correctional guard from the criminal courthouse, Jane Doe, and the County, alleging that the defendants failed to protect Plaintiff in violation of his constitutional rights under the Fourteenth Amendment. <u>See generally</u> <u>Id.</u>

Plaintiff's initial attempt to serve process on Defendant Jane Doe who was described as "working on 5/15/2013; assigned to Bridge Holding Cell, Catwalk from Pretrial Detention Center from Holding Cell to Courthouse," DE# 36, was unsuccessful because it was unknown to which officer Plaintiff was referring. <u>See</u> DE# 41. Thereafter, the Court permitted Plaintiff to engage in limited discovery for the purpose of determining Defendant Jane Doe's identity. <u>See</u> DE# 58. Specifically, the Court permitted Plaintiff to serve five (5) interrogatories on Commander John Prats, the Correctional Bureau Commander of MDCR. <u>Id.</u>

In response to Plaintiff's interrogatories, DE# 75, Commander Prats provided the names of the three correctional officers (Officer Edilio Garcia, Officer Nildee Suarez, and Officer Carol Reid-Lester) who were assigned to the criminal courthouse Bridge Holding Cells on May 15, 2013. DE# 83. Because morning movement is conducted by many officers who assist the Bridge Holding Cell officers, Commander Prats also provided a list of all officers assigned to the Court Services Bureau on that day.

Commander Prats objected to Plaintiff's request to provide photographs of these officers because such documents went beyond

the discovery permitted by the Court and were exempt from disclosure pursuant to Florida Statute 119.071(4)(d)(2.a)(1). Id. The Court upheld Defendants' refusal to provide photographs. DE# 94. The Court noted that "notwithstanding [the] Courts' unsuccessful attempt to help facilitate service on Defendant Jane Doe, plaintiff has never come forth with any identifying information despite admittedly knowing how she looks," and that "Plaintiff has failed to assist the Court in attempting to effectuate service and does not have the right to now engage in a fishing expedition." Id.

Rather than coming forth with any identifying information thereafter, in June of 2015, Plaintiff requested leave to file an amended complaint so that he could name one of the officers listed by Commander Prats—Officer Carole Reid-Lester—as his Jane Doe defendant. DE# 122. The Court denied this request for failure to comply with Local Rule 15.1. DE# 125. Plaintiff did not make any further attempt to amend his complaint to name this officer as a defendant.

When this case reopened after the interlocutory appeal, the Court ordered Plaintiff to provide identifying information regarding Defendant Jane Doe. DE# 167. Plaintiff provided the following description of Defendant Jane Doe:

    Gender: Female
    Race: African American
    Voice Tone: Soft
    Accent: None
    Weight: Approximately 130 to 140 pounds
    Height: Approximately 5'7" to 5'8"
    Hair Color: Black
    Teeth: Very White
    Tattoos: Didn't notice any
    Speech: Fluent English
    Eye Glasses: At the time of the incident No
    Scars: Didn't notice any

DE# 171. Based on this description, the Court then ordered Commander Prats to either: (1) inform the United States Marshal and/or the Court in confidence and/or under seal of the full name and current place of employment of Defendant Jane Doe where she can be served with process, or the full name and last known address of Defendant Jane Doe, if she is no longer employed with the Miami-Dade Department of Corrections; (2) make an appearance on behalf of Defendant Jane Doe; or, (3) advise the Court that neither alternative is possible. DE# 172.

Commander Prats first used the resources available to him to compare Plaintiff's description of Defendant Jane Doe to the three correctional officers who were assigned to the Bridge Holding Cells on the date in question. See DE# 83-1. None of these individuals matched the provided description. Officer Edilio Garcia is male. Officer Nildee Suarez is a Hispanic female and does not match the height description. And Officer Carol Reid-Lester (who Plaintiff tried to identify as his Jane Doe defendant) is an African-American female but does not come close to matching either the height or the weight description provided by Plaintiff. DE# 180-1.

Commander Prats next turned to the list of all of the officers working for Court Services Bureau on May 15, 2013. See Id. At his request, this list of officers was reviewed by personnel in the Court Services Bureau. Id. It was determined that there were 56 African American females who were working for the Court Services Bureau. Id. Using resources available to him, Commander Prats was able to determine that, of these 56 African American female officers, there were 9 officers who were African-American, spoke English, and fell within the provided height range of 5'7" to 5'8". Id.

Commander Prats did not have weight information available to him. Id. In addition to these 9 officers, there were 10 additional officers for whom Commander Prats did not have any height or weight

information. This list of 19 officers (the 9 who met three of the descriptors listed above, plus the 10 with no information relative to height or weight) was provided to Lieutenant Lloyd Gayle, the Executive Lieutenant of the Court Services Bureau, for further review. Id.

Lieutenant Gayle was the Executive Officer assigned to the Court Services Bureau on May 15, 2013 and personally knows the officers who were assigned to the unit on that day. DE# 180-2. Lieutenant Gayle reviewed the list of 19 officers provided to him by Commander Prats and compared it to Plaintiff's description of Defendant Jane Doe. Id. Based on his review and investigation, Lieutenant Gayle determined that 6 of these officers did not fall within the described height range, 10 did not match the provided weight description, and 1 was not assigned to the criminal courthouse at the time of the incident. Id.; DE# 183.

Ultimately, two female officers generally met Plaintiff's description of Defendant Jane Doe.  These two identified officers were female, African-American, between 5'7" to 5'8" tall, and between 130 to 140 pounds. Both had, at some point in time, placed inmates in the Bridge Holding Cells. However, neither of these two officers recalled the incident in question—that is, the mere act of placing Plaintiff in a holding cell at the courthouse four years earlier.

In an effort to exhaust all possible avenues of information, Lieutenant Gayle also reached out to Officer Nildee Suarez, one of the officers assigned to the Bridge Holding Cells on May 15, 2013 and the officer who filed the incident report pertaining to the altercation between Plaintiff and Mr. Dean. Officer Suarez did not have any information about which officer placed Plaintiff in the holding cell prior to the incident. DE# 180-2.

Defendants submitted progress reports to the Court detailing their efforts to identify the appropriate defendant. DE# 176, 180.

During that time, Plaintiff did not object to Defendants' reported efforts or seek to clarify or remedy any default in his description of Defendant Jane Doe.

Once the two officers who met Plaintiff's description were identified, Defendants sought, and the Court granted, a protective order preventing the disclosure of the names of the two officers until adequate safeguards were in place to prevent an unreliable identification. DE# 184. Pursuant to the Court's Order, DE# 187, Defendants submitted a memorandum proposing a final photo array procedure for the identification of Defendant Jane Doe and citing cases in support of the proposed procedure. DE# 194.  In his response, Plaintiff simply proposed scrapping Defendants' and the Court's work over the prior five months and revisiting his 2015 request to view photographs of all 56 of the African-American female officers assigned to the Court Services Bureau on May 15, 2013. DE# 198.  The Court found that Plaintiff's opposition to Defendants' proposed identification procedure was "legally frivolous" and was "an intentional, obstructionist tactic, and not due to any ignorance on Plaintiff's part." DE# 202, p. 3. As to Plaintiff's proposed identification plan, the Court found that it was "conveniently calculated to guarantee a 'positive' identification." Id.

The Court ultimately ordered Defendants to carry out their proposed photo array procedure within 15 days of the Order. Id. at 4. Depending on the outcome of the procedure, the Court ordered that Defendants either provide the name and address of the Defendant Jane Doe, or, in the event Plaintiff was unable to identify the Defendant Jane Doe, file a motion to dismiss. Id.

On Tuesday, April 25, 2017, Plaintiff was presented with three photo arrays at the Santa Rosa Correctional Institution. Each photo array was comprised of six subjects' photographs. Two of the eighteen subjects were the officers that Defendants had identified

through their search as fitting Plaintiff's description of
Defendant Jane Doe. The remaining subjects were other African
American female officers who did not work for the Court Services
Bureau on the date in question. The photographs were in color, the
subjects were in plain clothes, the arrays were lettered (Card A,
Card B, Card C), and the photographs were numbered (1–18).
Plaintiff took his time to view and handle each of the photo array
cards. Under oath, Plaintiff stated that none of the 18 subjects
was Defendant Jane Doe. DE# 206, Exhibit A.  The instant motion to
dismiss defendant Jane Doe now follows.

<u>Discussion</u>

     "[A] plaintiff may bring claims against an unnamed defendant
under certain circumstances, such as when the plaintiff lacks
sufficient information about the defendant's identify at the time
of filing the complaint but would be able to obtain such
information through discovery." <u>Nalls v. Coleman Low Fed. Inst.</u>,
440 F. Appx. 704, *2 (11th Cir. 2011) (citations omitted). But a
plaintiff may not "proceed *indefinitely* against unnamed defendants
without serving them or providing good cause for his failure to do
so." <u>Id.</u> (emphasis in original). Under Federal Rule of Civil
Procedure 4(m), absent good cause, the district court must dismiss
an action without prejudice if the defendant has not been served
within 90 days of the filing of the complaint. <u>See</u> FED. R. CIV. P.
4(m).

     The Eleventh Circuit Court of Appeal has held that *pro se*
prisoners proceeding *in forma pauperis* should be assisted in
serving prison employees. <u>See</u> <u>Richardson v. Johnson</u>, 598 F.3d 734,
739 (11th Cir. 2010). In so ruling, the Eleventh Circuit has
determined that an *in forma pauperis* litigant is allowed "to rely
on the court officers and United States Marshals to effect proper
service, and should not be penalized for failure to effect service

where such failure is not due to fault on the litigant's part." <u>Fowler v. Jones</u>, 899 F.2d 1088, 1095 (11th Cir. 1990); <u>see also</u>, <u>Richardson v. Johnson</u>, <u>supra</u>; <u>Rance v. Rocksolid Granit USA, Inc.</u>, 583 F.3d 1284, 1288 (11th Cir. 2009); <u>Sellers v. United States</u>, 902 F.2d 598 (7th Cir. 1990); <u>Graham v. Satkoski</u>, 51 F.3d 710 (7th Cir. 1995)).  The central inquiry under <u>Richardson</u>, <u>supra</u>, is whether the unserved defendant can be located with reasonable effort. 598 F.3d 740.  If so, the defendant must be served.  <u>Id.</u>  But conversely, if an defendant cannot be located or identified with reasonable effort, then dismissal of that defendant for failure to serve pursuant to Rule 4(m) is warranted.  <u>See Id.</u>

Here, excluding the stay in this case, over 600 days have elapsed since Plaintiff filed his Amended Complaint which first identified officer Jane Doe as a defendant.  However, as detailed above, Plaintiff has received an abundance of assistance from this Court, as well as from Defendants, personnel from MDCR, and personnel from the Court Services Bureau, all of whom have expended considerable time and resources to assist Plaintiff in identifying Defendant Jane Doe. The final step in this lengthy identification process was a photo array procedure that was ordered by the Court. Despite all of the efforts that have been made in this case to assist Plaintiff, he is still unable to identify Defendant Jane Doe.  Therefore, the Court finds that Defendant Jane Doe cannot be identified with reasonable effort and, accordingly, cannot be served with reasonable effort.  The Court also finds that any further extension of time to attempt to identify Defendant Jane Doe in order to serve her would be futile and serve only to further delay the progress of this case.  Therefore, dismissal of Defendant Jane Doe for failure to serve is warranted under Rule 4(m).  <u>See Id.</u> (dismissal under Rule 4(m) is warranted if the unserved defendant cannot be served with reasonable effort); <u>see also Owaki v. City of Miami</u>, 491 F. Supp. 2d 1140, 1155 (S.D. Fla. 2007)

8

(dismissing fictional defendant where defendant had not been identified in the three and a half years since the incident occurred); Jean-Laurent v. Hennessy, 840 F. Supp. 2d 529, 556–57 (E.D.N.Y. 2011) (granting defendants' motion to remove defendant John Doe as a party and to  preclude plaintiff from raising claims against defendant John Doe at trial where plaintiff was unable to identify the defendant despite significant efforts by the court and parties).

Conclusion

Based on the foregoing, it is recommended that Defendants' Motion to Dismiss Defendant Jane Doe (DE#206) be GRANTED, that all claims against Defendant Jane Doe be dismissed with prejudice, and that Defendant Jane Doe be administratively terminated as a party to this action.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.  Failure to file timely objections shall bar plaintiff from a de novo determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

It is so recommended at Miami, Florida, this 26th day of June, 2017.

UNITED STATES MAGISTRATE JUDGE

Copies furnished:

Pleadro J. Scott, 198737
Wakulla Correctional Institution
Inmate Mail/Parcels
110 Melaleuca Drive
Crawfordville, FL 32327

Bernard Pastor
Miami-Dade County Attorney's Office
Metro Dade Center
111 NW 1st Street
Suite 2810
Miami, FL 33128-1993