```
                                      UNITED STATES DISTRICT COURT
                                      SOUTHERN DISTRICT OF FLORIDA

                                      CASE NO. 13-CIV-23013-GAYLES
                                      MAGISTRATE JUDGE P.A. WHITE

PLEADRO SCOTT,                    :

       Plaintiff,                 :    REPORT OF MAGISTRATE
                                       JUDGE (Re: DE#208)
v.                                :

MIAMI DADE DEPARTMENT OF CORR.,:

       Defendants.                :
_____
```

### Introduction

The plaintiff Pleadro Scott, currently housed at Wakulla Correctional Institution, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. This cause is presently before the Court upon Defendants' Motion to Dismiss Case as Sanction for Plaintiff's Failure to Follow the Court's Order to Provide Complete Responses to Discovery Requests. (DE#208). The Court has considered the motion, Plaintiff's response (DE#209), and Defendant's reply (DE#215).

### Pertinent Background

When Plaintiff first filed this action in August of 2013, he requested $10,000 for pain and suffering and emotional distress. (DE#1). In the operative, second amended complaint, Plaintiff now seeks $50,000 in compensatory and punitive damages, plus another $5,000 for mental and emotional distress. (DE#65). Additionally, in his answers to interrogatories, as a basis for his demand for damages, Plaintiff claims that he suffers from lower back pain and experiences paranoia, mental anguish, and emotional distress, all resulting from the alleged incident. (DE#182, Exh.5, answers to

1

interrogatory numbers 10 and 11). Despite all this, Plaintiff refused to sign a full release of his medical records from the pertinent medical providers. See DE#182. Defendants thus had to file a motion to compel. In granting the motion, this Court found that "the record reflects that Plaintiff is attempting to strategically pick and choose what medical records Defendants can obtain and rely on to defend themselves," and that "Plaintiff cannot use his medical condition and the psychotherapist-patient privilege as a sword and a shield." Id. at p.4.

Shortly thereafter, Defendants filed a motion to compel based on Plaintiff's allegedly wholly inadequate responses to Defendant Gomez's interrogatory requests and requests for documents. DE#188. Specifically as to the interrogatory requests, Plaintiff either provided non-responsive responses or refused to answer them based on inappropriate and irrelevant objections, such as the Fifth Amendment and the alleged cumulative or duplicative nature of the request (despite it being the first set of interrogatories and request for documents issued by Defendants). The Court found Plaintiff's refusal to provide complete responses to Defendant Gomez's discovery requests was "frivolous and demonstrate[d] an intentional pattern of obstructionist behavior." DE#201, p.6. The Court warned Plaintiff that "[d]ismissal for discovery violations may be appropriate when a plaintiff's recalcitrance is due to willfulness, bad faith or fault." Id.

In their motion, Defendants demonstrate that they wrote Plaintiff on May 9, 2017, advising him that the ordered responses had not been received. DE#208-1. Then, on May 30, 2017, Defendants filed the instant motion, contending that Plaintiff had not complied with the Court's order.

In response to Defendants' motion, Plaintiff states that he mailed the responses to Defendant Gomez's interrogatory requests and requests for documents on April 26, 2017, that he is attaching

photocopies of same to his response, and that he never received Defendants' letter asserting that they had not received his responses in a timely manner, because he was transferred from one institution to another during the relevant time. According to Plaintiff, if he had known, he would have provided a second response immediately.

## Discussion

A district court is authorized, on defendant's motion, to dismiss an action for failure to prosecute or to obey a court order or federal rule. Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985), *citing* Fed.R.Civ.P. 41(b). The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits. Link v. Wabash Railroad Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir.1983). The legal standard to be applied under Rule 41(b) is whether there is a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Id.; Hildebrand v. Honeywell, Inc., 622 F.2d 179, 181 (5th Cir.1980). Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances. Jones v. Graham, 709 F.2d at 1458.

Here, the record presents a close call. As set forth above, the Court has already found that Plaintiff has engaged in a pattern of intentional, obstructionist tactics in this case. However, Plaintiff asserts that he did mail the responses and, although the fact that the one copy of the allegedly-mailed responses that Plaintiff has submitted is undated is admittedly suspicious, that in itself does not rebut Plaintiff's assertion. Moreover, the Florida Department of Corrections website does reflect that Plaintiff was in fact transferred about the time that Defendants mailed their reminder letter, and Plaintiff did promptly file a

Notice of Change of Address, DE#207, shortly thereafter. Therefore, the Court is not convinced that the record is clear that this particular instance of failing to comply with the Court's order demonstrates willful contempt.

However, Plaintiff is hereby advised that the fact that neither of his alleged mailings made it to Defendants, coupled with the fact that Plaintiff claimed that he would submit copies of both mailings to the Court yet submitted only one undated copy, is HIGHLY SUSPICIOUS. Plaintiff is thus hereby cautioned that Plaintiff will not be accorded the benefit of any doubt in the future, and that any claims of lost mailings and the like shall be accompanied by verified documentation corroborating Plaintiff's assertions.

Plaintiff is treading on extremely thin ice. Any future intentional misconduct, including failure to comply with Court orders will result in appropriate sanctions, including dismissal as a measure of last resort.

## Conclusion

Based on the foregoing, it is recommended that Defendants' Motion to Dismiss Case as Sanction for Plaintiff's Failure to Follow the Court's Order to Provide Complete Responses to Discovery Requests (DE#208) be DENIED. In light of Defendants' assertion that they have yet to receive Plaintiff's response to Defendant Gomez's request for production, Plaintiff will be ordered to provide Defendants with another copy by separate order.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon

4

grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

It is so recommended at Miami, Florida, this 26th day of June, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

Copies furnished:

Pleadro J. Scott, 198737
Wakulla Correctional Institution
Inmate Mail/Parcels
110 Melaleuca Drive
Crawfordville, FL 32327

Bernard Pastor
Miami-Dade County Attorney's Office
Metro Dade Center
111 NW 1st Street
Suite 2810
Miami, FL 33128-1993