**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO. 13-23013-CIV-GAYLES/WHITE**

**PLEADRO J. SCOTT,**

    Plaintiff,

v..

**MIAMI DADE DEPT. OF CORRECTIONS
et al.**,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** came before the Court on Defendant Miami-Dade County's Motion to Dismiss Plaintiff's Second Amended Complaint [ECF No. 162]; Defendants' Motion to Dismiss Jane Doe [ECF No. 206]; and Defendants' Motion to Dismiss Case as Sanction for Plaintiff's Failure to Follow the Court's Order to Provide Complete Responses to Discovery Requests [ECF No. 208]. The matter was previously referred to Magistrate Judge Patrick White, pursuant to 28 U.S.C. § 636(b)(1)(B) and Administrative Order 2003-19 of this Court, for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 3]. On December 13, 2016, Judge White issued a Report recommending that the Court grant Miami-Dade County's Motion to Dismiss (the "County Dismissal Report") [ECF No. 170]. On June 26, 2017, Judge White issued one Report recommending that the Court grant Defendants' Motion to Dismiss Jane Doe (the "Jane Doe Report") [ECF No. 216] and another Report recommending that the Court deny Defendants' Motion to Dismiss Case as Sanction for Plaintiff's Failure to Follow the Court's Order to Provide Complete Responses to Discovery Requests (the

"Sanction Report") [ECF No. 217]. Plaintiff has objected to the County Dismissal Report and the Jane Doe Report.

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

This Court, having conducted a *de novo* review of the Motions and the record, agrees with Judge White's well-reasoned analysis and agrees with his findings.

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1) Judge White's Report and Recommendations [ECF Nos. 170, 216, 217] are **AFFIRMED AND ADOPTED** and incorporated into this Order by reference;

(2) Defendant Miami-Dade County's Motion to Dismiss Plaintiff's Second Amended Complaint [ECF No. 162] is **GRANTED**. Plaintiff's claims against Miami-Dade County are **DISMISSED**.

(3) Defendants' Motion to Dismiss Jane Doe [ECF No. 206] is **GRANTED**. All claims against Jane Doe are **DISMISSED** and Jane Doe is administratively terminated as a party to this action.

(4) Defendants' Motion to Dismiss Case as Sanction for Plaintiff's Failure to Follow the Court's Order to Provide Complete Responses to Discovery Requests [ECF No. 208] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of August, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE