UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-CIV-23013-GAYLES

PLEADRO J. SCOTT,

    Plaintiff,

v.

LT. C. WESTON AND CPL. R. GOMEZ,

    Defendants.

_____/

### DEFENDANTS' MOTION FOR SANCTIONS ARISING OUT OF PLAINTIFF'S DISCLOSURE OF CONFIDENTIAL INFORMATION EXCHANGED AT SEPTEMBER 15, 2020 SETTLEMENT CONFERENCE WITH MAGISTRATE JUDGE REID

Defendants, Lieutenant Constantina Weston and Corporal Rolando Gomez (together, the "Defendants" or "Defendant Officers"), hereby move this Court for sanctions and other appropriate relief on account of Plaintiff Pleadro J. Scott's intentional breach of the confidentiality mediation rule.

This Court ordered the parties to attend a settlement conference. *See* D.E. 383. On September 15, 2020, the parties appeared by telephone conference before Magistrate Judge Lisette M. Reid. *See* D.E. 391. The conference was conducted over three hours and forty minutes, but did not result in a settlement. *See id.* As Judge Reid stated at the conference, and pursuant to Local Rule 16.2(g), the settlement conference was confidential and privileged "***in all respects*** as provided under federal law and Florida Statutes § 44.405." S.D. Fla. Local Rule 16.2(g) (emphasis added). Despite the clear prohibition, Mr. Scott breached the parties' confidentiality in a court filing in a separate case.

More specifically, in written opposition to a petition for civil restitution lien pursuant to Florida Statutes Sections 960.292 and 960.293 that Miami-Dade County filed in Plaintiff's

criminal case (the "Petition"), Mr. Scott disclosed content from the September 15 confidential settlement conference in *this* case.[1] Counsel for Defendants notified Mr. Scott's civil counsel right away of this violation and requested that they advise Mr. Scott to withdraw the filing immediately. Counsel separately mailed notification of the violation to Plaintiff directly. Neither effort has had the desired effect, that being a withdrawal of the offensive filing or even a commitment to do so. Mr. Scott does not, in fact, deny the violation; his only known communication about the matter was to advise that his civil counsel "stay in their lane" and their case, so to speak. His civil counsel have been happy to do just that despite multiple attempts at conferral, deferring the issue of this breach of confidentiality to Mr. Scott and whatever he seeks to do, or not do, in litigating his criminal case.

But the breach of confidentiality occurred in this case, and it is this Court that must hold Mr. Scott, a man who has shown no willingness to remedy the breach, accountable. Based on the response Mr. Scott provided to his counsel, Defendants reasonably anticipate that Mr. Scott will further exacerbate this breach of confidentiality when he appears at a hearing in state court on the County's Petition, which will occur at some point in the near future. Given Mr. Scott's complete disregard for this Court's rules and state law, as well as his counsel's apparent unwillingness to insist he respect either, Defendants were left with no choice but to seek redress with this Court.

Florida Statute, Section 44.405, as incorporated by Local Rule 16.2(g), provides that "***all mediation communications shall be confidential***" and "[a] mediation participant shall not disclose a mediation communication to a person other than another mediation participant or a participant's counsel." (Emphasis added). Thus, Mr. Scott cannot disclose confidential mediation communications at the upcoming civil trial in this case. He cannot disclose them as part of his

---

[1] Should the Court wish to review the filing, Defendants would ask that they be allowed to file it under seal so as not to cause further dissemination of the confidential information.

criminal case in state court either.  He can't even disclose them to one of his fellow inmates or one of his corrections officers.  The statute broadly mandates that he cannot disclose confidential settlement conference communications to ***anyone*** who was not a participant at that September 15, 2020 settlement conference.

Mr. Scott's willful and knowing violation of the confidentiality mediation rule and statute subjects him to sanctions in accordance with Florida Statute, Section 44.406.  That section provides that "[a]ny mediation participant who knowingly and willfully discloses a mediation communication in violation of s. 44.405 ***shall***, upon application by any party to a court of competent jurisdiction, be subject to remedies" including compensatory damages and attorney's fees. Fla. Stat. § 44.406 (emphasis added).  Accordingly, Defendants request that the Court order Mr. Scott to immediately desist from disclosing anything related to the confidential settlement conference held in this case, and should he continue to refuse to do so, that the Court dismiss this case as a sanction for this offense.  Additionally, Defendants seek an order imposing sanctions against Mr. Scott, including, but not limited to, attorney's fees associated with having to seek Court intervention on this matter.  *See Abrams-Jackson v. Avossa*, 282 F. Supp. 3d 1268, 1272 (S.D. Fla. Oct. 13, 2017) (finding counsel violated the Local Rule and Florida Statute by filing confidential mediation statement publicly on a docket and awarding attorney's fees); *Rodriguez v. Marble Care Int'l, Inc.*, 863 F. Supp. 2d 1168, 1181 (S.D. Fla. March 5, 2012) (noting a violation of the mediation confidentiality rule and the availability of the parties pursuing sanctions under Florida Statute, Section 44.406).

## CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that on November 16, 2020, counsel for Defendants conferred with counsel for Pleadro Scott, in a good faith effort to resolve by agreement the issue raised in this Motion, but no resolution could be reached.

Dated: November 16, 2020

    Respectfully submitted,

    ABIGAIL PRICE-WILLIAMS
    Miami-Dade County Attorney
    Stephen P. Clark Center
    111 N.W. 1st Street, Suite 2810
    Miami, Florida  33128

By: */s/ Leigh C. Kobrinski*
    Leigh C. Kobrinski
    Assistant County Attorney
    Florida Bar No. 1000369
    E-mail: leigh@miamidade.gov
    Telephone: (305) 375-5151
    Facsimile: (305) 375-5611

    Erica S. Zaron
    Assistant County Attorney
    Florida Bar No. 514489
    Email: zaron@miamidade.gov
    Telephone: (305) 375-5151
    Facsimile: (305) 375-5611

    *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Leigh C. Kobrinski*
Leigh C. Kobrinski
Assistant County Attorney

## SERVICE LIST

| | |
|---|---|
| Raquel Fernandez, Esq. <br> rfernandez@bilzin.com <br> Brianna Sainte <br> bsainte@bilzen.com <br> Benjamin Mitchel <br> bmitchel@bilzen.com <br> 1450 Brickell Avenue Suite 2300 <br> Miami, FL 33131 <br> Telephone: (305) 374-7580 <br> Facsimile: (305) 374-7593 <br><br> *Attorneys for Plaintiff* | Leigh Carolyn Kobrinski, Esq. <br> Erica S. Zaron, Esq. <br> Assistant County Attorneys <br> County Attorney's Office <br> Stephen P. Clark Center <br> 111 N.W. 1st Street, Suite 2810 <br> Miami, FL 33128-1993 <br> Telephone: (305) 375-5151 <br> Facsimile: (305) 375-5611 <br> leigh@miamidade.gov <br><br> *Attorneys for Defendants* <br> *No Service Necessary* |